1
2
3
4
5
6
## IN THE UNITED STATES DISTRICT COURT
7
### FOR THE DISTRICT OF ARIZONA
8  Charles Scott Taylor,                    )
                                            )
9          Petitioner,                      )   CIV 13-00853 PHX GMS (MEA)
                                            )
10         v.                               )   REPORT AND RECOMMENDATION
                                            )
11 Charles L. Ryan, et al.,                 )
                                            )
12         Respondents.                     )
                                            )
13 _____  )

14 TO THE HONORABLE G. MURRAY SNOW:

15         On April 26, 2013, Petitioner, proceeding pro se, filed
16 a petition seeking a writ of habeas corpus pursuant to 28 U.S.C.
17 § 2254.  Respondents filed an Answer to Petition for Writ of
18 Habeas Corpus ("Answer") (Doc. 12) on September 11, 2013.
19 Petitioner filed a reply to the answer to his petition on
20 November 1, 2013.  See Doc. 15.

21         **I Procedural History**

22         On May 6, 2008, a jury found Petitioner guilty on one
23 count of sexual conduct with a minor under 15 years of age
24 (Count I), one count of sexual abuse of a minor under 15 years
25 of age (Count II), one count of molestation of a minor under 15
26 years of age (Count III), and, in a related matter that was
27 consolidated with the other charges, two counts of witness
28 tampering.  See Answer, Exh. B & Exh. M.  Twelve days prior to

Petitioner's trial, the state trial court held a hearing regarding Petitioner's motion to change defense counsel, which motion was denied at the conclusion of the hearing. See id., Exh. A (transcript of hearing).

On June 2, 2008, Petitioner was sentenced to a combination of aggravated and presumptive, concurrent and consecutive terms of imprisonment totaling 52 years. Id., Exh. M. Inter alia, Petitioner was sentenced to a term of 27 years imprisonment on Count I and to a consecutive term of 23 years imprisonment on Count III. Id., Exh. M.

Petitioner took a timely direct appeal of his convictions and sentences. In his direct appeal Petitioner argued that the trial court improperly denied his motion to preclude expert testimony about the behavior of child victims of sexual assault and that the sentences were improperly enhanced. Id., Exh. B. In a decision entered October 14, 2009, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Id., Exh. D. Petitioner did not seek review of the Arizona Court of Appeals' decision in his direct appeal by the Arizona Supreme Court.

Petitioner initiated a timely action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Petitioner was appointed counsel to represent him in his post-conviction action. Counsel notified the state court that they could find no legitimate claims to raise on Petitioner's behalf. See id., Exh. E. Petitioner filed a pro se brief in his Rule 32 action. Id., Exh. F. Petitioner

asserted that the trial judge erred in denying his motion to change his defense counsel. Petitioner also asserted that his appellate counsel was ineffective because they did not raise the issue of the trial court's denial of his motion to change counsel in his direct appeal. <u>Id.</u>, Exh. F & Exh. G. In a decision entered July 7, 2011, the state trial court denied relief in Petitioner's Rule 32 action, finding no error in the trial court's denial of the motion to change counsel, and therefore, no fault in appellate counsel's alleged failure to raise this issue in Petitioner's direct appeal. <u>Id.</u>, Exh. G.

On August 1, 2011, Petitioner initiated a second Rule 32 action, in which he asserted that the sentencing judge erred in imposing a consecutive sentences. <u>Id.</u>, Exh. H. The state trial court dismissed the action on August 19, 2011, ruling that Petitioner's claim for relief was precluded pursuant to Rule 32, Arizona Rules of Criminal Procedure, because it could have been but was not raised in Petitioner's direct appeal. <u>Id.</u>, Exh. I. The state trial court also determined that the claim failed on the merits of the claim. <u>Id.</u>, Ex. I.

In separate petitions for review filed in the Arizona Court of Appeals, which actions that court consolidated, Petitioner challenged the imposition of consecutive sentences. Petitioner also asserted that he was denied his right to the effective assistance of appellate and post-conviction counsel. <u>Id.</u>, Exh. J & Exh. K. In a memorandum decision issued January 12, 2012, the appellate court granted review, but denied relief. <u>See</u> Doc. 1, Attach. The Court of Appeals rejected Petitioner's

claims that his appellate counsel was ineffective and that the imposition of consecutive sentences was illegal. The appellate court declined to address Petitioner's contention regarding the ineffective assistance of post-conviction counsel, concluding that Petitioner had not properly presented this claim. Id., Attach at 29 n.2. Petitioner sought review of the Arizona Court of Appeal's decision by the Arizona Supreme Court, which review was denied. See id., Attach.

In his federal habeas action Petitioner asserts that: (1) the trial court's denial of his motion to change counsel violated his federal constitutional rights; (2) his appellate counsel's performance was unconstitutionally ineffective; and (3) the trial court's imposition of consecutive sentences violated his federal constitutional rights.

**II Analysis**

**A.   Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.

-4-

Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1]   The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary."  Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).  See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court.  See, e.g.,

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

-5-

1  id., 541 U.S. at 33, 124 S. Ct. at 1351.

2          For purposes of exhausting state remedies, a
           claim for relief in habeas corpus must
3          include reference to a specific federal
           constitutional guarantee, as well as a
4          statement of the facts that entitle the
           petitioner to relief. The federal claim is
5          fairly presented if raised in the petition
           itself, an accompanying brief, or another
6          similar document filed with that court.

7  Gentry v. Sinclair, 705 F.3d 884, 897 (9th Cir. 2013)(internal

8  citations and quotations omitted).

9          A federal habeas petitioner has not exhausted a federal

10 habeas claim if he still has the right to raise the claim "by

11 any available procedure" in the state courts.    28 U.S.C. §

12 2254(c).   Because the exhaustion requirement refers only to

13 remedies still available to the petitioner at the time they file

14 their action for federal habeas relief, it is satisfied if the

15 petitioner is procedurally barred from pursuing their claim in

16 the state courts.  See, e.g., Woodford v. Ngo, 548 U.S. 81, 92-

17 93, 126 S. Ct. 2378, 2387 (2006).   If it is clear the habeas

18 petitioner's claim is procedurally barred pursuant to state law,

19 the claim is exhausted by virtue of the petitioner's "procedural

20 default" of the claim.  See, e.g., id., 548 U.S. at 92, 126 S.

21 Ct. at 2387.

22         Procedural default occurs when a petitioner has never

23 presented a federal habeas claim in state court and is now

24 barred from doing so by the state's procedural rules, including

25 rules regarding waiver and the preclusion of claims.   See

26 Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060.   Procedural

27 default also occurs when a petitioner did present a claim to the

28                                  -6-

state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a

1
        failure to consider the claims will result in
2
        a fundamental miscarriage of justice.

3
McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal
4
citations and quotations omitted).

5
        Because the Arizona Rules of Criminal Procedure
6
regarding timeliness, waiver, and the preclusion of claims bar
7
Petitioner from now returning to the state courts to exhaust any
8
unexhausted federal habeas claims, Petitioner has exhausted, but
9
procedurally defaulted, any claim not previously fairly
10
presented to the Arizona Court of Appeals in his direct appeal
11
or in his first Rule 32 action.  See Insyxiengmay v. Morgan, 403
12
F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975,
13
987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856,
14
860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules
15
regarding the waiver and procedural default of claims raised in
16
attacks on criminal convictions are adequate and independent
17
state grounds for affirming a conviction and denying federal
18
habeas relief on the grounds of a procedural bar).  The Ninth
19
Circuit Court of Appeals recently confirmed this conclusion in
20
Hurles v. Ryan concluding "Arizona's waiver rules are
21
independent and adequate bases for denying relief."  706 F.3d
22
1021, 1032 (9th Cir. 2013), petition for cert. filed, 82
23
U.S.L.W. 3009 (Jun. 17, 2013)(No. 12-1472).  See also Jones v.
24
Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012).

25
        "Federal habeas courts reviewing the
        constitutionality of a state prisoner's
26
        conviction and sentence are guided by rules
        designed to ensure that state-court judgments
27
        are accorded the finality and respect

28

necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, --- U.S. ----, 132 S.Ct. 1309, 1316[](2012). One such rule is the doctrine of procedural default, according to which a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to which the prisoner presented his federal claims rested on an "independent and adequate state ground." Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, [](1991). However, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" Id. at 735, 111 S.Ct. 2546 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, [](1983)). A state court may overcome the above presumption simply by stating "clearly and expressly that its decision is based on bona fide separate, adequate, and independent grounds." Id. at 733, 111 S.Ct. 2546 (quoting Long, 463 U.S. at 1041, 103 S.Ct. 3469) (internal quotation marks and alterations omitted).

A state court judgment rests on an independent and adequate state procedural ground when the "state court decline[s] to address a prisoner's federal claims because the prisoner ... failed to meet a state procedural requirement." Id. at 730, 111 S.Ct. 2546 (emphasis added).

"For a state procedural rule to be 'independent,' the state law ground for decision must not be 'interwoven with the federal law.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Long, 463 U.S. at 1040-41, 103 S.Ct. 3469, and citing Harris v. Reed, 489 U.S. 255, 265, 109 S.Ct. 1038,[](1989) (applying Long to federal habeas cases)). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Id. (quoting Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087, [](1985)) (alteration in

original). <u>See</u> <u>also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S.Ct. 2578, [](2002) (per curiam) (noting that, although the rule at issue there "does not require a federal constitutional ruling on the merits, if the state court's decision rested primarily on a ruling on the merits nevertheless, its decision would not be independent of federal law"). A review of pertinent Supreme Court case law illustrates that a state court ruling, even on a state procedural issue, that necessarily or actually depends on an antecedent ruling on the merits of a federal claim is interwoven with federal law and therefore not independent.

<u>Nitschke v. Belleque</u>, 680 F.3d 1105, 1109-10 (9th Cir.), <u>cert. denied</u>, 133 S. Ct. 450 (2012).

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. <u>See</u> <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005); <u>Vickers v. Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998); <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996).

A petitioner's lack of legal expertise is not cause to excuse procedural default. <u>See</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 908 (9th Cir. 1986). Alleged ineffective assistance of appellate counsel does not establish

cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004). "Attorney ignorance or inadvertence is not cause, but attorney error rising to the level of an independent constitutional violation (in the form of ineffective assistance of counsel) does constitute cause." Dickens v. Ryan, 688 F.3d 1054, 1070-71 (9th Cir. 2012).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the

-11-

merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

## B. Standard of review of exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). "Under AEDPA, a federal court may not grant a petition for a writ of habeas corpus unless the state court's adjudication on the merits was

'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1390 (2012), <u>quoting</u> 28 U.S.C. § 2254(d)(1).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. <u>See</u>, <u>e.g.</u>, <u>Brown v. Payton</u>, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 785 (9th Cir. 2012), <u>cert.</u> <u>denied</u>, 133 S. Ct. 2766 (2013). For example, a state court's decision is considered contrary to federal law if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. <u>See</u> <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 121, 129 S. Ct. 1411, 1419 (2009); <u>Wright v. Van Patten</u>, 552 U.S. 120, 124–25, 128 S. Ct. 743, 746–47 (2008); <u>Runningeagle</u>, 686 F.3d at 784-85; <u>Norris v. Morgan</u>, 622 F.3d 1276, 1288 (9th Cir. 2010), <u>cert.</u> <u>denied</u>, 131 S. Ct. 1557 (2011). <u>See</u> <u>also</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 737 (9th Cir. 2008); <u>Bledsoe v. Bruce</u>, 569 F.3d 1223, 1233 (10th Cir. 2009).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new

-13-

set of facts in a way that is objectively unreasonable.  <u>See</u>
<u>McNeal v. Adams</u>, 623 F.3d 1283, 1287–88 (9th Cir. 2010).  When
considering such a claim, "a habeas court must determine what
arguments or theories supported or ... could have supported, the
state court's decision; and then it must ask where it is
possible fair-minded jurists could disagree that those arguments
or theories are inconsistent with the holding in a prior
decision of this Court." <u>Harrington v. Richter</u>, 131 S. Ct. 770,
786 (2011).

       The state court's determination of a habeas claim may
be set aside under the unreasonable application prong if, under
clearly established federal law, the state court was
"unreasonable in refusing to extend [a] governing legal
principle to a context in which the principle should have
controlled." <u>Ramdass v. Angelone</u>, 530 U.S. 156, 166, 120 S. Ct.
2113, 2120 (2000).  <u>See also</u> <u>McKinney v. Ryan</u>, 703 F.3d 903,
909-910 (9th Cir. 2013); <u>Cheney v. Washington</u>, 614 F.3d 987, 994
(9th Cir. 2010).  However, the state court's decision is an
unreasonable application of clearly established federal law only
if it can be considered *objectively* unreasonable.  <u>See</u>, <u>e.g.</u>,
<u>Renico v. Lett</u>, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010);
<u>McKinney</u>, <u>McKinney v. Ryan</u>, 703 F.3d 903, 909-910 (9th Cir.
2013); <u>Runningeagle</u>, 686 F.3d at 785.   An unreasonable
application of law is different from an incorrect one.  <u>See</u>
<u>Renico</u>, 130 S. Ct. at 1862; <u>Cooks v. Newland</u>, 395 F.3d 1077,
1080 (9th Cir. 2005).  "That test is an objective one and does
not permit a court to grant relief simply because the state

-14-

court might have incorrectly applied federal law to the facts of a certain case." Adamson v. Cathel, 633 F.3d 248, 255-56 (3d Cir. 2011).

Accordingly, if the Supreme Court has not addressed a specific issue in its holdings, the state court's adjudication of the issue cannot be an unreasonable application of clearly established federal law. See Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), citing Kane v. Garcia Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). Stated another way, if the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook, 538 F.3d at 1016; Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Lafler, 132 S. Ct. 1389-90; Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Runningeagle, 686 F.3d at 785-86; Greenway v. Schriro, 653 F.3d 790, 805-06 (9th Cir. 2011).

-15-

**C. Petitioner's claims for relief**

**1. Petitioner alleges the trial court abused its discretion by denying his motion to change counsel**

Petitioner asserts that the state trial court abused its discretion when it denied his motion to change counsel, thereby violating Petitioner's federal constitutional rights to a fair trial and to due process of law. Petitioner contends the state trial judge did not properly inquire as to the totality of the circumstances before denying the motion.

Respondents contend Petitioner did not properly exhaust this claim in the state courts by presenting it in his direct appeal. Respondents contend: "Though Taylor referenced the substance of the claim to the PCR court, he did so as a claim of ineffective assistance of appellate counsel, and the PCR court resolved it as such."

In Petitioner's first action for state post-conviction relief, the state trial court reviewed the merits of Petitioner's contention that the trial court had erred by denying Petitioner's motion for new counsel. The state court determined that the trial court had not erred by denying the motion, and that Petitioner's appellate counsel had not been unconstitutionally ineffective for not raising this claim in Petitioner's direct appeal.

Regardless of whether Petitioner technically properly exhausted this matter in the state courts, the claim may be denied on the merits of the claim. The federal courts have determined that when a defendant indicates dissatisfaction with

-16-

his counsel, the trial court ordinarily must conduct a thorough inquiry in order to discover whether the situation is depriving the defendant of an adequate defense. See _Schell v. Witek_, 218 F.3d 1017, 1024-25 (9th Cir. 2000); _Hudson v. Rushen_, 686 F.2d 826, 829 (9th Cir. 1982). In determining whether the trial judge should have granted a substitution motion, the reviewing habeas court may consider the extent of the alleged conflict, whether the trial judge made an appropriate inquiry into the extent of the conflict, and the timeliness of the motion to substitute counsel. See, _e.g._, _Daniels v. Woodford_, 428 F.3d 1181, 1197-98 (9th Cir. 2005).

A review of the record in this matter, _see_ Answer, Exh. A, indicates that the state trial court conducted the relevant inquiry after Petitioner moved to change counsel. See _King v. Rowland_, 977 F.2d 1354, 1357 (9th Cir. 1992). Accordingly, this alleged error did not deprive Petitioner of a fair trial or his right to due process of law, and Petitioner is not entitled to habeas relief regarding this claim.

**2. Petitioner alleges he was denied his right to the effective assistance of counsel**

Petitioner asserts he was denied his Sixth Amendment right to the effective assistance of counsel because his appellate counsel did not argue that the trial court should have granted his motion to change counsel. Respondents allow Petitioner properly exhausted this claim in the state courts.

To state a claim for ineffective assistance of counsel, a habeas petitioner must show both that his attorney's

-17-

performance was deficient and that the deficiency prejudiced the outcome of his criminal proceedings. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id., 466 U.S. at 687, 104 S. Ct. at 2064.

To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010). To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir. 2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006).

The state courts did not err in concluding Petitioner had not been deprived of the effective assistance of counsel. The state courts determined that the decision to deny the motion to substitute counsel was not an abuse of discretion and did not provide a basis for reversing Petitioner's convictions. Accordingly, counsel's alleged failure to raise the issue was neither deficient performance nor prejudicial and the state court's decision was not contrary to nor an unreasonable

application of federal law.

**3. Petitioner alleges he was denied his right to due process and his right to be free of double jeopardy because the trial court imposed consecutive sentences**

Petitioner contends the state trial court erred by imposing consecutive sentences. Respondents assert that this claim has been found procedurally defaulted by the state courts. Respondents also maintain that, because Petitioner argued to the state courts only that his consecutive sentences violate state law, he did not "fairly present" the claim as one alleging a violation of his federal constitutional rights. Respondents further argue that a claim presented to the state courts only as a violation of state law is not cognizable on habeas review.

Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding imposition of sentences. See Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991); Hubbart v. Knapp, 379 F.3d 773, 780 (9th Cir. 2004) ("We may not second-guess the California appellate court's construction of its own state law unless it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue."(internal quotations omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). To the extent that Petitioner asserts his sentences violated his right to due process because they were improperly imposed as consecutive sentences, pursuant to Arizona statutory law, Petitioner has not stated a claim for federal habeas relief. See Beaty v. Stewart,

303 F.3d 975, 986 (9th Cir. 2002); <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  Although Petitioner asserts that his right to due process was violated because the state allegedly did not follow its sentencing statutes, the characterization of this claim in this fashion does not render it cognizable on federal habeas review.  See <u>Cacoperdo v. Demonsthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994); <u>Dellinger v. Bowen</u>, 301 F.3d 758, 765 (7th Cir. 2002).

### IV Conclusion

Petitioner is not entitled to federal habeas relief on the merits of his claims that he was denied a fair trial because the state trial court denied his motion to change counsel and that he was denied his right to the effective assistance of counsel.  Petitioner's claim that the state court violated state sentencing statutes by imposing consecutive sentences is not cognizable in a federal habeas action.

**IT IS THEREFORE RECOMMENDED that** Mr. Taylor's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within to

file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 14th day of November, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-21-