# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Scott Taylor, | No. CV-13-00853-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan; et al., | |
| Respondents. | |

Pending before the Court is Petitioner Charles Scott Taylor's Petition for Writ of Habeas Corpus. (Doc. 1.) Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the Petition with prejudice. (Doc. 17.) Taylor filed objections to the R&R. (Doc. 22.) Because objections have been filed, the Court will review the Petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the Petition.

## BACKGROUND

Taylor was convicted by a jury in Pinal County Superior Court, case #CR2007-01800, of one count of sexual conduct with a minor under 15 years of age, one count of sexual abuse of a minor under 15 years of age, one count of molestation of a minor under 15 years of age, and, in a related matter that was consolidated with these charges, two counts of witness tampering. (Doc. 12, Exs. B, M.) Twelve days before Taylor's trial, the trial court held a hearing on his motion to change defense counsel. (Doc. 12, Ex. A.) This

motion was denied at the conclusion of the hearing. (*Id.*) On June 2, 2008, he was sentenced to a combination of aggravated and presumptive, concurrent and consecutive terms of imprisonment totaling 52 years. (*Id.*, Ex. M.)

Petitioner appealed the judgment. He argued that the trial court improperly denied his motion to preclude expert testimony about the behavior of child victims of sexual assault and that his sentences were improperly enhanced. (Doc. 12, Ex. B.) On October 14, 2009, the Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.*, Ex. D.) Taylor did not seek review of this decision in the Arizona Supreme Court.

Petitioner timely initiated an action for state post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. He was appointed counsel to represent him in that action and that counsel notified the state court that they could find no legitimate claims to raise on Taylor's behalf. (Doc. 12, Ex. E.) Taylor filed a *pro se* brief in his Rule 32 action. (*Id.*, Ex. F.) He asserted that the trial court erred in denying his motion to change counsel and that his appellate counsel was ineffective because counsel did not raise this issue in his direct appeal. (*Id.*, Exs. F, G.) On July 7, 2011, the trial court denied Taylor relief in his Rule 32 petition, finding no error in the court's denial of Taylor's motion or in appellate counsel's failure to raise that issue on direct appeal. (*Id.*, Ex. G.)

Petitioner then initiated a second Rule 32 action, asserting that the sentencing judge erred in imposing a consecutive sentence. (*Id.*, Ex. H.) On August 19, 2011, the trial court dismissed this action pursuant to Rule 32 because Taylor could have but did not raise this issue on direct appeal. (*Id.*, Ex. I.) Further, the trial court found that the claim also failed on its merits. (*Id.*)

In separate petitions for review filed in the Arizona Court of Appeals and consolidated by that court, Taylor challenged the imposition of consecutive sentences and alleged that he was denied the right to effective assistance of appellate and post-conviction counsel. (*Id.*, Exs. J, K.) On January 12, 2012, in a memorandum decision, the appellate court granted review and denied relief. (Doc. 1 at 28.) The court rejected his claims regarding the imposition of consecutive sentences and ineffective appellate

counsel, and found he had failed to properly present his claim regarding ineffective assistance of post-conviction counsel. (*Id.*) Taylor sought review of this decision by the Arizona Supreme Court, and that review was denied. (*Id.* at 27.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on April 26, 2013. (Doc. 1.) In his Petition, Taylor cites three grounds for relief: (1) that the trial court's denial of his motion to substitute counsel violated his federal constitutional rights; (2) that his appellate counsel's performance was unconstitutionally ineffective; and (3) that the trial court's imposition of consecutive sentences violated his federal constitutional rights.

Magistrate Judge Aspey issued a R&R on November 14, 2013, in which he recommended denial of the Petition with prejudice. (Doc. 17.) Petitioner filed objections to the R&R on January 17, 2014 (Doc. 22), and the Court will now review the Petition de novo.

**DISCUSSION**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3)(2006). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.*; U.S.C. § 2244 *et seq*.

**I.  Claim One:  Denial of Motion to Substitute Counsel**

Taylor first alleges that the trial court erred by denying his motion to substitute counsel prior to trial. Respondents contend that Taylor failed to properly exhaust this claim in his direct appeal because he referenced the substance of the claim as part of a claim of ineffective assistance of appellate counsel. However, assuming without deciding that Petitioner technically properly exhausted this claim, the claim fails on its merits. When a defendant has indicated dissatisfaction with his counsel, a trial court must generally conduct a thorough inquiry into whether the situation is depriving the defendant of an adequate defense. *See Schell v. Witek*, 218 F.3d 1017, 1024–25 (9th Cir. 2000). To determine whether the trial court judge erred in denying Taylor's motion, this Court may

consider the extent of the alleged conflict, whether the trial judge appropriately inquired into the extent of that conflict, and the timeliness of the motion to change counsel. *See, e.g.*, *Daniels v. Woodford*, 428 F.3d 1181, 1197–98 (9th Cir. 2005). The Court has reviewed the transcript from the trial court's hearing on Taylor's motion and finds that the trial judge made an appropriate inquiry into the alleged conflict. Thus, the Court finds that the denial of Taylor's motion did not violate his right to a fair trial or to due process of law. This portion of the R&R is accepted.

## II.   Claim Two: Ineffective Assistance of Counsel

Taylor next alleges that he was denied his Sixth Amendment right to effective assistance of counsel because his appellate counsel failed to argue that the trial court erred by denying his motion to substitute counsel. Petitioner properly exhausted this claim in state court. To state a claim for ineffective assistance of counsel, Taylor must demonstrate both that his counsel's representation fell below the objective standard of reasonableness and that this resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, Taylor must show that there is a reasonable probability, but for counsel's unprofessional errors, that the result of the proceeding would have been different. *Id.*

Here, the state court concluded that Taylor had not been denied effective assistance of counsel due to counsel's failure to challenge the denial of Taylor's motion as this did not constitute deficient performance and was not prejudicial. In his Petition, Taylor argues that the trial judge's failure to conduct a thorough inquiry in his consideration of Taylor's motion to substitute counsel was a constitutional violation, and thus his appellate counsel was deficient for failing to raise that violation. (Doc. 1 at 20–21.) However, as stated above, the motion hearing transcript indicates that the trial judge did undertake the necessary inquiry regarding the motion. Thus, Taylor's appellate counsel did not err in failing to challenge that inquiry. This alleged failure does not constitute inadequate performance and Taylor has not established that there is any probability that exclusion of the challenge amounted to prejudice. This portion of the

R&R is accepted.

## III. Claim Three: Imposition of Consecutive Sentences

Finally, Taylor claims that the trial court erred in imposing consecutive sentences because this violated his right to due process and subjected him to double jeopardy. Federal habeas relief is not available for alleged errors in the interpretation and application of state law, including a state's statutes regarding sentencing. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Hubbart v. Knapp*, 379 F.3d 773, 780 (9th Cir. 2004) ("We may not second-guess the [state court's] construction of its own state law unless 'it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue.'"). In his Objections to the R&R, Taylor states that the state's interpretation of their sentencing law is indeed "an obvious subterfuge to evade consideration to a federal issue," but he has provided no basis for this contention. As Taylor asserts that his sentences violated his right to due process because they were improperly imposed as consecutive sentences under Arizona law, he has not stated a cognizable claim for federal habeas relief. *Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir. 2002) (stating that Petitioner's argument that "the trial court improperly imposed consecutive sentences in violation of Arizona law" is "not cognizable in federal habeas proceedings"). This portion of the R&R is also accepted.

## CONCLUSION

Petitioner's Claims One and Two fail on their merits and his Claim Three is not a cognizable basis for federal habeas relief. Thus, the Court denies his petition.

**IT IS THEREFORE ORDERED** that Magistrate Judge Aspey's Report and Recommendation (Doc. 17) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Charles Scott Taylor's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, in the event Petitioner files an appeal, the Court declines to issue a Certificate of Appealability because reasonable jurists would not find the

Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 1st day of May, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge